

**SIGNED THIS 13th day of September, 2024**

_Rebecca B. Connelly_
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**ASHLEY MARIE COLEMAN,**               Chapter 13
Debtor.                                  Case No. 24-50482

### ORDER AND NOTICE OF HEARING
*to be held on October 10, 2024, at 10:00 AM*

On August 28, 2024, Ashley Marie Coleman filed a voluntary chapter 13 petition *pro se*. *See* ECF Doc. No. 1. Based on the Court's review of the record, Ms. Coleman has yet to comply with all the requirements to proceed as a debtor in this case. If Ms. Coleman does not correct the issues identified below, her case will be dismissed.

*Filing Deficiencies*

Ms. Coleman must file all the required bankruptcy schedules and statements with the Court to proceed with her chapter 13 case. Currently, the Court's docket reflects that Ms. Coleman has <u>not</u> filed the following required documents:

1. Schedule A/B: Property (individuals) (Form 106A/B);

2. Schedule C: The Property You Claim as Exempt (Form 106C);

3. Schedule D: Creditors Who Hold Claims Secured By Property (Form 106D);

4. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F);

5. Schedule G: Executory Contracts and Unexpired Leases (Form 106G);

6. Schedule H: Your Codebtors (Form 106H);

7. Schedule I: Your Income (Form 106I);

8. Schedule J: Your Expenses (Form 106J)

9. Summary and Certain Statistical Information (Form 106Sum);

10. Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107);

11. Declaration About an Individual Debtor's Schedules (Form 106Dec); and

12. The Chapter 13 plan (Official Form 113).

*Prepetition Credit Counseling Requirement*

In addition to the filing deficiencies noted above, Ms. Coleman may be ineligible to proceed as a debtor in this case based on the failure to receive a *prepetition* credit counseling briefing. On Part 5 of the petition, Ms. Coleman checked the box indicating that she "asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after [she] made [her] request, and exigent circumstances merit a 30-day temporary waiver of the requirement."

The instructions on the petition below Ms. Coleman's certification directed her to "attach a separate sheet explaining what efforts [the debtor] made to obtain the briefing, why [the debtor was] unable to obtain it before [the debtor] filed for bankruptcy, and what exigent circumstances required [the debtor] to file this case." Ms. Coleman failed to attach such a sheet to her petition as directed. The Court does not have discretion to waive the credit counseling pre-filing requirement unless the circumstances fall within one of the statutory exceptions to this requirement, none of which have been asserted in this case. Because it is without any information or basis to grant a temporary waiver of the credit counseling requirement, the Court shall hold a hearing on Mr. Coleman's request for a 30-day temporary waiver.

2

For the reasons stated above, it is

**O R D E R E D**

that Ms. Coleman shall complete and file all the outstanding bankruptcy forms and schedules within fourteen (14) days from the date of this Order.  **If Ms. Coleman fails to file all the outstanding bankruptcy forms or request a further extension of time to file these documents by no later than September 27, 2024, the case shall be dismissed without further notice or hearing**.  It is further

**O R D E R E D**

that if the case has not been dismissed for failure to meet the September 27 deadline, the Court will hold a hearing to determine Ms. Coleman's eligibility to be a debtor in this case**.  The hearing shall be held on October 10, 2024, at 10:00 AM by video using Zoom software.**  The parties may access the hearing using the following URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643.  Alternatively, parties may log in to their Zoom account and join the meeting using Meeting ID number 160 369 2643.  At the hearing, Ms. Coleman must explain to the Court that she is eligible to proceed as a debtor in this case by demonstrating that she asked for credit counseling services from an approved agency but was unable to obtain those services during the seven days after she made the request, and also that exigent services merit a 30-day temporary waiver of the requirement.  **If Ms. Coleman fails to appear at the hearing, the case shall be dismissed without further notice or hearing**.

Copies of this order are directed to be sent to debtor by mail (and email at ashleycoleman2707@gmail.com); the chapter 13 trustee; and the Office of the United States Trustee.

**End of Order**

3